UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EBIPAMONE N. NANAKUMO, | |
| Plaintiff, | |
| -against- | 23-CV-314 (LTS) |
| NEW YORK CITY HEALTH + HOSPITALS CORP., et al., | ORDER TO AMEND |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law

§§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to

131, alleging that his employer discriminated against him based on his religion. By order dated

January 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that

is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to

file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this employment discrimination complaint and complaint "of crimes against humanity" against the following defendants: New York City Health + Hospitals Corp. (H+H); Mayor Eric Adams; Governor Kathy Hochul; President Joseph Biden; and the "World Economic Forum (United Nations, World Health Organization, Rockefeller Foundation, Bill & Melinda Gates Foundation, Open Society, European Union, Vatican City, Klaus Schwab, Yuval Noah Harari, Bill Gates, George Soros, Pope Francis, Barak Obama, Ursula von der Leyen, Emmanuel Macron, Boris Johnson, Justin Trudeau, Scott Morrison, Anthony Albanese, Dr.

Tedros Ghebreyesus, Dr. Francis Collins, Dr. Anthony Fauci, Dr. Peter Daszak, etcetera)." (ECF 1 at 1.)

The following facts are drawn from the amended complaint. In 2006, Plaintiff was hired to work as a medical doctor at Lincoln Hospital in the Bronx. (*Id.*) On September 13, 2021, Plaintiff requested from H+H a medical exemption from the COVID-19 vaccination on the ground that it violated his Christian faith. H+H denied that request on September 27, 2021, and directed Plaintiff to take an involuntary leave of absence without pay. (*Id.* at 4.) On June 15, 2022, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC). (*Id.* at 6.) The status of those administrative proceedings is not clear.

Plaintiff challenges the New York State COVID-19 mandate and the vaccine efficacy and safety, claiming that:

> There is no legitimate scientific, medical, epidemiological or public health basis or benefit to mandate the COVID Vaccine and the Vaccine Mandate is patently and solely motivated by an un-American and anti-American tyrannical political ideology in lockstep with the utterly satanic Transhumanist Totalitarian Globalist Agenda being implemented by the utterly evil self-appointed Global Elites under the auspices of the World Economic Forum!!![1]

(*Id.* at 8-22.) Plaintiff claims that the vaccine mandate "parallels" the "Nuremburg Code," is toxic and unsafe, and is

> created using aborted fetal cells/tissues and are human gene-editing and gene-perverting Messenger RNA bioengineering modules with Body-Computer-Interfaces possessing the technological capability and capacity to hack and control humans electronically through Artificial Intelligence and perverse bioengineering of the human genome with the unthinkably satanic goal to rob humanity of our humanhood, personhood, freewill, human dignity and all our other inalienable God-given fundamental human rights and freedoms!!!

(*Id.* at 2.)

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

According to Plaintiff, Defendants conspired to create the global pandemic and to force vaccines on the population.

> It is not a conspiracy theory but an incontestable fact that the Coronavirus Pandemic was contrived by the self-appointed Global Elites in collaboration with top scientists in the United States National Institute of Health and the Chinese Wuhan Institute of Virology to tyrannically impose and enforce global mandatory vaccination with preplanned bio-genetically engineered Messenger RNA Vaccines and Vaccine Passports to launch their much-hyped Great Reset of the world's economy (New World Order) that includes a radical World Depopulation Agenda as one of its cardinal facets!!

(*Id.* at 3.)

Plaintiff explains why the vaccine mandate violates his religious beliefs:

> The Mandatory Vaccination Policy is patently the framework and launching pad, in fulfillment of Biblical Prophecy, for the establishment and imposition of the continually anticipated extremely dreaded, apocalyptic and utterly tyrannical worldwide Regime of the Antichrist and the Mark of the Beast for the vicious and ruthless persecution of the people in the world who believe in God and choose to obey God and not compromise their faith to worship Satan. The Mandatory Vaccination Policy is clearly a SATANIC POLICY in furtherance and fulfillment of the continually anticipated extremely dreaded, apocalyptic and utterly tyrannical worldwide Regime of the Antichrist and the Mark of the Beast, which every Child of God, particularly this Servant and Messenger of God, must vehemently reject, resist and oppose!!

(*Id.* at 32.)

Plaintiff purports to have filed this action on behalf of himself and "all of humanity who are all victims of the unlawful Vaccine Mandates in New York State, the United States and throughout the World," and he seeks "trillions" of dollars, including against a number of individuals and entities not named as defendants, including Chinese president Xi Jinping, pharmaceutical companies, and the media, and to have this court "empanel a grand jury" to:

> review all COVID Vaccine Mandate litigations and judicial opinions and/or decisions and impeach and remove all justices of the Supreme Court of the United States and all judges of the United States Circuit Courts of Appeals, the United States District Courts and the State Courts of United States who corruptly and cowardly violated their Judicial Oaths to defend the Constitution of the United States and the Constitutions of the relevant States by rendering judgements

upholding the patently constitutionally flawed and egregiously unconstitutional Vaccine Mandates including the New York State Healthcare Workers Vaccine Mandate.

(*Id.* at 38-39.)

## DISCUSSION

### A.    Claims on Behalf of Others

Plaintiff seeks to file this complaint on behalf of other individuals. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" (citations omitted)); *Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976) (holding that it is plain error to permit a *pro se* prisoner to bring a class action on behalf of fellow inmates). As a non-attorney, Plaintiff cannot bring claims on behalf of others. The Court therefore construes the complaint as asserting claims solely on Plaintiff's behalf.

### B.    Employment Discrimination Claim

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). A claim under Title VII is premised on the existence of an employer-employee relationship. *See Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006) ("[T]he existence of an employer-employee relationship is a primary element of [a] Title VII claim[ ]."). Although Title VII does not provide for individual liability, an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable"

under the New York State Human Rights Law. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004).

Plaintiff may assert employment discrimination claims under Title VII and city and state law human rights laws only against his former employer, H+H. The complaint does not contain any facts suggesting that any of the individuals named as defendants were employed by H+H or directly participated in discriminatory conduct. The Court grants Plaintiff leave to file an amended complaint to allege claims under Title VII and city and state human rights laws, and to name defendants who may properly be held liable under those laws.

**C.     Other Claims**

The IFP statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal quotation marks and citation omitted). A finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. The Court must not dismiss a complaint, however, simply because the set of facts presented by the plaintiff appears to be "unlikely." *Denton*, 504 U.S. at 33.

Granting the *pro se* complaint the liberal interpretation that it is due, the Court finds that there is no factual predicate or legal theory on which Plaintiff can rely to state a viable civil claim arising from his assertions concerning the origin of the pandemic and purpose of the vaccine mandate. Plaintiff's allegations do not support his claim of a conspiracy because they are largely irrational or wholly incredible. *See id.* at 32-33; *Livingston*, 141 F.3d at 437. The Court must therefore dismiss these claims as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also*

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

### D.    Criminal Prosecution

Plaintiff seeks to empanel a grand jury. Plaintiff cannot, however, initiate the prosecution of federal charges against an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Plaintiff also cannot obtain an order directing prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege facts to state a valid employment discrimination claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail only that claim as outlined in this order. Because the other claims asserted in Plaintiff's amended complaint "lack an arguable basis either in law or in fact,"

those claims are dismissed as frivolous, and the Court declines to grant Plaintiff leave to reallege

those claims because it would be futile for him to do so. *See Hill*, 657 F.3d at 123–24.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting his employment

discrimination claims. If Plaintiff has an address for any named defendant, Plaintiff must provide

it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants

the Court to consider in deciding whether the amended complaint states a claim for relief. That

information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

amended complaint, any facts or claims that Plaintiff wants to include from the amended

complaint must be repeated in the amended complaint.

## CONCLUSION

With the exception of Plaintiff's employment discrimination claim against his former

employer arising under Title VII and city and state human rights laws, Plaintiff's other claims are

dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is granted leave to file an amended complaint to detail only his employment discrimination claims against H+H that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-314 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 6, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-

_____

_____

_____
Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes      ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                          Middle Initial              Last Name

Street Address

County, City                                          State                          Zip Code

Telephone Number                          Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                                          State                          Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                                          State                          Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State                    Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                    State                    Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐   race: _____

☐   color: _____

☐   religion: _____

☐   sex: _____

☐   national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.  Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.      ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐   Yes (Please attach a copy of the charge to this complaint.)

   When did you file your charge? _____

☐   No

Have you received a Notice of Right to Sue from the EEOC?

☐   Yes (Please attach a copy of the Notice of Right to Sue.)

   What is the date on the Notice? _____

   When did you receive the Notice? _____

☐   No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

☐   direct the defendant to hire me

☐   direct the defendant to re-employ me

☐   direct the defendant to promote me

☐   direct the defendant to reasonably accommodate my religion

☐   direct the defendant to reasonably accommodate my disability

☐   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

  If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address                    City                    State                    Zip Code

_____
Telephone Number                    E-mail Address

_____
Date                    Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007